**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Young Hee Cho | ) | |
| | ) | |
| | ) | Case No. 15-cv-8151 |
| Plaintiff, | ) | |
| v. | ) | |
| Maru Restaurant, Inc. and Hye Yong Choi | ) | |
| | | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Young Hee Cho, through her attorneys, for her Complaint against Maru Restaurant, Inc. and Hye Yong Choi ("Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 10511 *et. seq.* ("IMWL") for Defendants' failure to pay minimum and overtime wages to Plaintiff. During the course of her employment by Defendants, Plaintiff was paid wages less than both the federal and State of Illinois mandated minimum wage. In addition, despite Plaintiff worked in excess of forty (40) hours per week, Plaintiff was not paid overtime wages. Plaintiff further alleges that Defendants' failure to pay the regular and overtime wages is willful and intentional.

## THE PARTIES

2.      Plaintiff is at all times relevant hereto employee of Defendants.

3.      Plaintiff is at all times relevant hereto individual employed in the State of Illinois by Defendants.

4.      Plaintiff is at all times relevant hereto resided in the State of Illinois.

5.  Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6.  Plaintiff is filing this FLSA claim as individual action for herself.

7.  For the period commencing on or about July 1, 2015 until August 29, 2015, Plaintiff Young Hee Cho regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

8.  Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of her continued employment.

9.  Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours she worked in a day or the number of hours she worked in a workweek.

10.  Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

11.  Plaintiff regularly worked more than 40 hours per week while employed by Defendants.

12.  Plaintiff performed manual labor for Defendants.

13.  Plaintiff was assigned to the said manual labor by Defendants.

14.  Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

15.  Plaintiff did not have to supply her own tools and equipment in connection with her work for Defendants.

16.  Plaintiff was required to report to work for Defendants at a certain time.

17.     Plaintiff could not set her own hours of work for Defendants.

18.     Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

19.     Defendant, Maru Restaurant, Inc. is and was at all relevant times hereto engaged in the business of Korean Restaurant.

20.     Defendant, Maru Restaurant, Inc. is and was at all relevant times hereto engaged in the interstate commerce.

21.     Defendant Hye Yong Choi ("Choi") managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

22.     Defendant Choi participated in and approved of the unlawful pay practices of the corporate Defendant Maru Restaurant, Inc.

23.     Defendant Choi was involved in assigning work to Plaintiff.

24.     Defendant Choi had the power and authority to discipline Plaintiff.

25.     Defendant Choi exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

26.     Defendant Choi hired Plaintiff.

27.     Defendant Choi were in charge of paying employees.

28.     Defendant Choi told Plaintiff where to work and when to work.

29.     Defendants employed Plaintiff to do work for them in the State of Illinois.

30.     Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

31.     Defendants provided the tools and equipment and materials for Plaintiff to do her job with Defendants.

32.     Defendants held Plaintiff out as an employee.

33.     Defendants employed and paid Plaintiff as their employee.

34.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

35.     Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

36.     No exemption from overtime wages applied to Plaintiff's employment with Defendants.

37.     Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

38.     Defendants never obtained any written guidance from the U.S. Department of Labor concerning them pay practices and policies.

39.     No exemption from overtime applies or applied to Plaintiff when she worked or works more than 40 hours in a workweek for Defendants.

40.     Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per workweek.

41.     Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

42.     Defendant Maru Restaurant, Inc. is an Illinois corporation doing business as a Korean Restaurant and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

43.     Defendant Choi is a citizen and resident of Cook County and is the President

4

of Defendant Maru Restaurant, Inc.

## JURISDICTION AND VENUE

44.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C.

§ 216(b). Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district. This Court has supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

45.     All allegations of the Complaint are expressly incorporated herein and Plaintiff

repeats and realleges each and every allegations set forth in this Complaint as though set

forth fully at length herein.

46.     This count arises from Defendants' repeated violation of the Fair Labor

Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to

Plaintiff.

47.     For Plaintiff Young Hee Cho, for the period commencing on or about July 1,

2015 until August 29, 2015, Plaintiff Young Hee Cho regularly and customarily at the

specific instructions and demand of Defendants actually performed work for Defendants

in excess of forty (40) hours per week.

48.     Plaintiff performed work for Defendants the said excess of forty (40) hours per

week work as an express condition of her continued employment.

49.     Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed amount

per week regardless of the number of hours she worked in a day or the number of hours

she worked in a workweek.

50.      Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

51.      This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

52.      During the course of their employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

53.      Plaintiff were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

54.      Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff   were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

55.      Defendants did not compensate Plaintiff at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

56.      Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

57.      Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

   WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime

compensation found due;

C.      Reasonable attorney's fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Collective Action under § 216(b) of the FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

58.     Plaintiff hereby incorporates by reference the foregoing paragraphs of this
Complaint into this count.

59.     The FLSA requires employers, such as Defendants, to pay employees the
minimum wage for all hours worked.

60.     At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the
FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal
minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has
been $7.25 an hour.

61.     During the applicable statute of limitations, Defendants have failed to pay
Plaintiff the federally mandated minimum wage for all hours worked.

62.     Plaintiff and the FLSA Collective do not or did not perform job duties or tasks
that permit them to be exempt from minimum wage as required under the FLSA.

63.     The foregoing conduct, as alleged herein, constitutes a willful violation of the
FLSA within the meaning of 29 U.S.C. § 255(a).

64.     Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the
amount of all respective unpaid minimum wage compensation at minimum wage rate
effective during the applicable work week, plus liquidated damages, as provided by the

FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

65.    Plaintiff, on behalf of herself seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**COUNT III**
**Violation of the Illinois Minimum Wage Law - Minimum Wages**

66.    All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

67.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

68.    The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

69.    At all relevant times herein, Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was "employee" within the meaning of that Act.

70.    Pursuant to 820 ILCS 105/4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

71.    Defendants did not compensate Plaintiff minimum wages for all hours worked.

72.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff minimum wages for all hours worked.

73.    Pursuant to 820 ILCS 105112(a), Plaintiff is entitled to recover her unpaid

wages, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of unpaid minimum wages for all hours worked;

B.  Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.  Reasonable attorney's fees and costs incurred in filing this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law - Overtime Wages

74.  All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

75.  This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

76.  The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

77.  Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

78.  Defendants failed to compensate Plaintiff's overtime wages for hours worked in

excess of forty (40) in individual work weeks.

79.     Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

80.     Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

81.     Pursuant to 820 ILCS 105/12(a), Plaintiff was entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

    WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B.     Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

    A jury trial is demanded on all Counts.

                    Respectfully submitted,

Dated: September 17, 2015

                     /s/ Ryan Kim
                    Ryan J. Kim

                     INSEED LAW, P.C.
                    2454 E Dempster St Suite 301
                    Des Plaines, IL 60016
                    Attorney for Plaintiff