IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOUNG HEE CHO, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 15 C 8151 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| MARU RESTAURANT, INC. and HYE YONG CHOI, | ) ) ) |
| Defendants. | ) |

## ORDER

Defendants Maru Restaurant, Inc. and Hye Yong Choi's motion to dismiss (10) is granted in part and denied in part. The motion is granted as to count V of plaintiff Young Hee Cho's complaint, with leave to replead by 7/18/16. The motion is denied as to counts I–IV of the complaint. Defendants' motion for sanctions (14) is denied without prejudice. The case is set for a scheduling conference on 7/19/16 at 11:00 a.m. See Statement.

## STATEMENT[1]

### I. Background[2]

This is a wage action brought by an employee, Cho, against her employer, Maru Restaurant, Inc., and its President, Choi, who was responsible for managing and supervising the conditions of Cho's employment, paying employees, and scheduling their work times. (Dkt. 9 (Compl.) ¶¶ 28–35, 49.) Cho worked for Maru from July 1, 2015 until August 29, 2015, and during that time she consistently worked around seventy-two hours per week. (*Id.* ¶¶ 8, 11.) Defendants, however, paid her less than the minimum wage required by federal and state law and, further, failed to compensate her at one and one-half times her regular hourly rate of pay for hours worked in excess of forty each week. (*Id.* ¶¶ 8–14.)

Based on this conduct, Cho alleges that defendants violated the overtime and minimum wage provisions in the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (counts I and II) and the Illinois Minimum Wage Law (IMWL), 820 Ill. Comp. Stat. 105/1 *et seq.* (counts III and IV). Additionally, Cho alleges that defendants violated the Illinois Wage Payment and

---

[1] The court has jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1367. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

[2] Unless otherwise indicated, the following facts are taken from the first amended complaint and are presumed true for resolving the pending motions. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

Collection Act (IWPCA), 820 Ill. Comp. Stat. 115/1 *et seq.* (count V). Defendants have moved to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim on which relief may be granted. In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Active Disposal*, 635 F.3d at 886. To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories; it is the facts that count. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *see also Johnson* v. *City of Shelby*, 574 U.S. ---, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014) (per curiam) ("Federal pleading rules call for a short and plain statement of the claim showing the pleader is entitled to relief; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." (citations and internal quotation marks omitted)).

## III. Analysis

### A. Fair Labor Standards Act (Counts I and II)

Defendants argue that Cho's FLSA claim should be dismissed for failure to plead sufficient facts because her complaint does not specify what she was entitled to be paid and how much she actually received. (Dkt. 10 at 5–6.) The Seventh Circuit has not explicitly ruled on the level of detail required to state a claim under the FLSA for unpaid or underpaid wages, *see Girolamo* v. *Cmty. Physical Therapy & Assocs., Ltd.*, No. 15 C 2361, 2016 WL 2909649, at *2 (N.D. Ill. May 19, 2016), and courts in this district have required different levels of specificity.[3]

---

[3] *See, e.g.*, *id.* at *3 (dismissing FLSA wage claim because the plaintiff did "not include any allegations regarding when or how often . . . she worked overtime or failed to receive appropriate compensation"); *Brown* v. *Club Assist Road Serv. U.S., Inc.*, No. 12 C 5710, 2013 WL 5304100, at *6 (N.D. Ill. Sept. 19, 2013) (finding FLSA wage claim sufficiently pleaded where plaintiffs alleged that they "worked an average of 85 hours per week but [were not] properly compensated for that time"); *Victoria* v. *Alex Car, Inc.*, No. 11 C 9204, 2012 WL 1068759, at *5 (N.D. Ill. Mar. 29, 2012) (finding FLSA wage claim sufficiently pleaded and "find[ing] that there is no rule of law that requires Plaintiffs to allege their hourly wage, the dates on which the alleged violations took place, or the specific tasks they performed off the clock"); *Sanchez* v. *Haltz Const., Inc.*, No. 09 C 7531, 2012 WL 13514, at *3 (N.D. Ill. Jan. 4, 2012) (finding FLSA wage claim sufficiently pleaded where the plaintiffs' alleged that they "'routinely' worked more than 40 hours per week without receiving overtime pay, and that the amount of compensation they did receive for the work they performed fell below the minimum-wage requirement"); *Wilson* v. *Pioneer Concepts, Inc.*, No. 11 C 2353, 2011 WL 3950892, at *3 (N.D. Ill. Sept. 1, 2011) (dismissing FLSA wage claim because, ultimately, the plaintiff only pleaded that she was an employee of

Unlike cases in which courts have dismissed FLSA claims, and like cases in which courts have found FLSA claims sufficiently pleaded, Cho has alleged the time period in which she worked (July 1, 2015 to August 29, 2015), the approximate number of hours she worked per week (seventy-two), that she was always paid the same hourly wage regardless of how many hours she worked each week, and that the hourly wage that she was paid was less than the federal minimum wage of $7.25 per hour. This is sufficient to permit an inference that defendants have failed to comply with the FLSA. To the extent other courts have suggested that employees must plead the precise amount due, this court disagrees, as Rule 8 does not require such specificity. Defendants have fair notice of the claims based on facts that permit the inference that the claims are plausible. *See Iqbal*, 556 U.S. at 678. Defendants additionally argue that Cho's complaint should be dismissed because Cho's pay stub demonstrates that she was paid in excess of what is required by the FLSA, in terms of both minimum wage and overtime. This argument is inappropriate on a motion to dismiss. As noted above, the court accepts all well-pleaded facts in a complaint as true. *Active Disposal*, 635 F.3d at 886. The plausibility standard "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson* v. *Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).[4]

Accordingly, defendants' motion to dismiss the FLSA claims (counts I and II) is denied.

### B.     Illinois Minimum Wage Law (Counts III and IV)

Based on the same factual allegations as her FLSA claims, Cho also claims that defendants violated the IMWL by failing to pay her the minimum wage under Illinois law, 820 Ill. Comp. Stat. 105/4, and by failing to pay her overtime for work in excess of forty hours per week, *see id.* at 105/5. "The IMWL parallels the FLSA, and the same analysis has generally been applied to both statutes." *Labriola* v. *Clinton Entm't. Mgmt., LLC*, No. 15 C 4123, 2016 WL 1106862, at *5 (N.D. Ill. Mar. 22, 2016) (collecting cases). Defendants first contend that Cho's IMWL claims should be dismissed for failure to plead sufficient facts. Because Cho's IMWL claims track her FLSA claims, the court's FLSA analysis applies equally to Cho's IMWL claims. *See id.* As such, Cho has stated wage and overtime IMWL claims.

---

the defendant and that some employees worked unspecified amounts of time for which they were not paid).

Defendants did not cite to any of these cases, instead opting to focus almost exclusively on out-of-circuit district court cases. (*See* dkt. 10 at 3–4). Defendants did cite to one case in this circuit in support of their argument (*see* dkt. 10 at 4), which noted that "[t]o establish a viable FLSA claim for unpaid minimum wages, the complaint should indicate the applicable rate of pay and the amount of unpaid minimum . . . wages due." *White* v. *Classic Dining Acquisition Corp.*, No. 11 C 712, 2012 WL 1252589, at *6 (S.D. Ill. Apr. 13, 2012). Like this district, courts in the Southern District of Illinois too have required different pleading requirements. *See Nicholson* v. *UTi Worldwide, Inc.*, No. 09 C 722, 2010 WL 551551, at *4 (S.D. Ill. Feb. 12, 2010) ("[T]his Court asks itself what rule of law *requires* Nicholson to allege his unpaid hours worked, the approximate dates he worked off the clock, his hourly wage and facts necessary to calculate damages. It cannot find a rule to answer that question.").

[4] Defendants have also moved for sanctions under Rule 11 by relying on these same injected facts to argue that it is impossible for Cho to prevail on her claims. The motion does not reflect compliance with Fed. R. Civ. P. 11(c)(2) and is therefore denied without prejudice.

Defendants separately argue that Cho's IMWL claims against Choi should be dismissed because Choi cannot be found liable in her individual capacity. Defendants rely on *Andrews* v. *Kowa Printing Corp.*, 838 N.E.2d 894, 217 Ill. 2d 101, 298 Ill. Dec. 1 (2005). In *Andrews*, the Illinois Supreme Court considered whether an individual who owned 100 percent of the corporation which employed the plaintiffs (and 97 percent of another corporation not necessary to detail here) was an employer for purposes of the IWPCA. The Court reasoned that §2, read literally, would be broader than the legislature could reasonably have intended, but the definition of employer in § 13 better expressed the legislature's intent by reserving "liability for those individual decision makers who knowingly permitted the [IWPCA] violation." *Id.* at 899–900. The court therefore found it unnecessary to apply the economic realities test, which federal courts use to determine individual liability under the FLSA, to the IWPCA because § 13 already "solves problems as to the limits of the employer-employee relationship under the Act." *Id.* at 900–01 (quoting *Donovan* v. *Agnew*, 712 F.2d 1509, 1513 (1st Cir. 1983)). Choi argues that because *Andrews* rejected using § 2 of the IWPCA to determine individual liability, and the only definition of employer that appears in the IMWL is similar to § 2 of IWPCA, *compare* 820 Ill. Comp. Stat. 115/2, *with id.* at 105/3(c), there can be no individual liability under the IMWL.

Such an argument ignores *Andrews*'s reasoning which, as pointed out in *Park* v. *Dundee Market III, Inc.*, No. 14 C 1541, 2014 WL 6617030, at *3 (N.D. Ill. Nov. 20, 2014) (citations omitted), "rested on the fact that the IWPCA provided for officer liability in a different section of the statute. . . . A similar provision is not included in the IMWL." Without an alternative section defining "employer," courts in this district have determined that individuals included within the IMWL's definition of "employer" may be individually liable, and continue to use the economic realities test to determine whether they are. *See, e.g.*, *Park*, 2014 WL 6617030, at *3 (citations omitted) (finding that "federal courts have found that individuals can be held liable for IMWL violations" if they satisfy the "economic realities" test); *Lizak* v. *Great Masonry, Inc.*, No. 08 C 1930, 2009 WL 3065396, at *9 (N.D. Ill. Sept. 22, 2009) ("Under the IMWL, an individual with sufficient control over a business and a particular set of IMWL violations is personally liable as an employer for those violations." (citing *Morgan* v. *Speakeasy, LLC*, 624 F. Supp. 2d 632, 636 (7th Cir. 2007))).

Cho also makes arguments similar to those made in *Perlmutter* v. *Houlihan Smith & Co.*, No. 10 CH 50204 (Cir. Ct. Cook Cty. Dec. 14, 2012), in which an Illinois circuit court found that owners and officers of corporations were not individually liable under the IMWL. The court's primary basis for its holding was that the statute's definition of employer did not extend to owners and officers because "[t]he plain language of the IMWL does not include officers, directors, or owners." *Id.*, slip op. at 5. *Perlmutter*'s interpretation, however, is too narrow because it ignores that the definition of employer includes "*any individual . . . or any person or group of persons* acting directly or in-directly in the interest of an employer in relation to an employee." 815 Ill. Comp. Stat. 105/3(c) (emphasis added). Given the breadth of this provision, there is no reason to exclude owners and officers, as *Perlmutter* did, while including others who act in the interest of an employer in relation to an employee.

As a secondary basis for its holding, *Perlmutter*, slip op. at 9, also focused on language in *Andrews* noting that extending individual liability to the extent of § 2 would lead to absurd results. It may be that strictly applying the IMWL's definition of employer would lead to absurd results, but that is not what *Andrews* teaches. *See Andrews*, 838 N.E.2d at 900–01 ("Our rejection

4

of the economic realities test in no way reflects our dissatisfaction with the test as a matter of policy. We reject the test for the simple reason that it is a tool of statutory construction that, while warranted by the FLSA, is unnecessary under the [IWPCA]. . . . Thus, unlike the FLSA, the [IWPCA] *does* contain a definition that 'solves problems as to the limits of the employer-employee relationship under the Act.'"). Since Illinois courts look to the FLSA to interpret the IMWL, *Park*, 2014 WL 6617030, at *3 (citing *Lewis* v. *Giordano's Enters., Inc.*, 921 N.E.2d 740, 746, 397 Ill. App. 3d 581, 336 Ill. Dec. 884 (2009)), and the IMWL does not contain anything equivalent to § 13 of IWPCA, *Andrews*'s reasoning leaves in place the economic realities test as a tool of statutory construction to define the scope of individual liability under the IMWL. This court's "role in interpreting a question of state law is to predict how the highest court of the state would answer the question." *Cannon* v. *Burge*, 752 F.3d 1079, 1091 (7th Cir. 2014). Therefore, the court must join *Park*'s rejection of *Perlmutter*'s interpretation of individual liability under the IMWL. *See Park*, 2014 WL 6617030, at *2–3 & n.1.

Choi only argues that there is no individual liability under the IMWL, not that there are insufficient facts alleged for her to be liable. But even if Choi had made such an argument, it would have been rejected here, where Choi was in charge of paying Cho and controlling the terms and conditions of her employment. (Compl. ¶¶ 28–35.)

Accordingly, defendants' motion to dismiss Cho's IMWL claims (counts III and IV) is denied.

### C. Illinois Wage Payment And Collection Act (Count V)

In count V, Cho alleges that defendants violated the IWPCA by failing to properly pay wages due as required by law. (Dkt. 9 at 12.) Defendants argue that the IWPCA claim should be dismissed for failure to plead sufficient facts.

The IWPCA requires, among other things, that employers pay employees at certain specified times. *See* 820 Ill. Comp. Stat. 115/3–5. The IWPCA, however, "mandates payment of wages only to the extent the parties' contract or employment agreement requires such payment." *Hoffman* v. *Roadlink Workforce Sols., LLC*, No 12 C 7323, 2014 WL 3808938, at *4 (N.D. Ill Aug. 1, 2014). Therefore, to state a claim under the IWPCA, a plaintiff must show that wages or compensation are due under a valid contract or agreement. *See Gallardo* v. *Scott Byron & Co.*, No. 12 C 7202, 2014 WL 126085, at *14 (N.D. Ill. Jan. 14, 2014). "A violation of the FLSA or the IMWL alone, without a corresponding violation of an employment contract or agreement, therefore, cannot establish a violation of the IWPCA." *Id.* at *14 (citing *Palmer* v. *Great Dane Trailers*, No. 05 C 1410, 2005 WL 1528255, at *4 (N.D. Ill. June 28, 2005)); *Jaramillo* v. *Garda, Inc.*, No. 12 C 662, 2012 WL 1378667, at *2 (N.D. Ill. Apr. 20, 2012) ("The IWPCA merely demands that the employers pay whatever wages were agreed to.").

Here, Cho's complaint contains no facts to establish the existence of any agreement or contract between her and defendants entitling her to a particular wage, as the complaint does not allege that there was an agreed upon wage, let alone an agreement to pay overtime. *See Hoffman*, 2014 WL 3808938, at *5 ("And because the IWPCA requires only that the employer pay the agreed-upon rate, Plaintiffs' failure to allege that rate warrants dismissal . . . ." (citing *Stark* v. *PPM Am., Inc.*, 354 F.3d 666, 672 (7th Cir. 2004))). Since Cho has specified neither an explicit

nor implicit agreement between her and defendants that entitled her to a particular wage, she has failed to state a claim upon which relief may be granted.

    Accordingly, Cho's IWPCA claim (count V) is dismissed without prejudice.

Date: July 7, 2016                                     _____
                                                          U.S. District Judge Joan H. Lefkow